UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ELIJAH WEST,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:26-CV-05053-RAL<br><br><br>ORDER REGARDING ATTORNEY-<br>CLIENT PRIVILEGE WAIVER |

Petitioner Elijah West filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Doc. 1. A jury found West guilty of seven felony counts, including three counts of first degree murder, three counts of discharging a firearm in a crime of violence, and one count of felon in possession of a firearm. United States v. West, 5:22-cr-50013-RAL, Doc. 104. West was represented by Timothy J. Rensch.

On July 21, 2026, the United States filed a Motion for Order Directing Former Defense Counsel to Respond to Claims of Ineffective Assistance and Motion for Extension of Time to Answer. Doc. 9. The United States Court of Appeals for the Eighth Circuit has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's conduct and raises the issue of ineffectiveness or incompetence of counsel. See Tasby v. United States, 504 F.2d 332,336 (8th Cir. 1974); see also Bittaker v. Woodford,331 F.3d 715,716 (9th Cir. 2003) ("It has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications

with his allegedly ineffective lawyer."). American Bar Association Model Rule of Professional Conduct 1.6 also recognizes that a disclosure of information may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client. The ABA has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client; and 2) may only disclose such information in "court-supervised proceedings." ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010).

In consideration of the allegations set forth in West's 28 U.S.C. § 2255 motion, this Court has determined that the United States cannot respond to the allegations of ineffective assistance of counsel without Mr. Rensch responding by affidavit to the specific allegations in the motion concerning his representation of West. This Court has further determined that if West opposes the waiver of the attorney-client privilege as it relates to the specific allegations in his § 2255 motion, those allegations will be stricken from his § 2255 motion. Accordingly, it is hereby

ORDERED that the Clerk of Court will send this Order and the attached Attorney-Client Privilege Waiver form to West. It is further

ORDERED that if the Attorney-Client Privilege Waiver form is not signed and returned to this Court within 30 days, the allegations of ineffective assistance of counsel will be stricken from West's § 2255 motion. It is further

ORDERED that the United States shall have an extension to answer West's motion under 28 U.S.C. § 2255 until thirty (30) days after attorney Rensch furnishes an affidavit. It is finally

ORDERED that West will have thirty (30) days to reply after the United States' answer

DATED this 22nd day of July, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

## ATTORNEY CLIENT PRIVILEGE WAIVER

You have made a motion under 28 U.S.C. § 2255 alleging that you received ineffective assistance from your former lawyer, Timothy J. Rensch. The court has reviewed your motion and determined that an affidavit from your former lawyer concerning the specific allegations in your motion is necessary in order to evaluate your motion.

The American Bar Association advises your attorney to obtain your consent before disclosing confidential communications between you and him that may bear on the disposition of your motion. This is a professional ethics requirement. As a matter of law, you have waived the attorney-client privilege regarding the allegations of ineffective assistance of counsel in your motion. This means that if you wish to proceed on your claims of ineffective assistance, you must allow your communications with your former counsel concerning the specific claims to be disclosed to the United States and to the court.

If you wish to proceed with your claims of ineffective assistance of counsel as set forth in your § 2255 motion, you must sign this form and return it to the court. The form authorizes your attorney to disclose confidential communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by your § 2255 motion.

You should know that if you sign this authorization, you run the risk that your attorney will contradict your statements about his representation of you. However, you should also know that the court will strike the ineffective assistance of counsel claims in your motion if you do not authorize your attorney to give an affidavit in response to the ineffective assistance claims.

You must return this form within thirty (30) days from the date of the court's order directing the clerk to mail this waiver to you or the allegations of ineffective assistance of counsel will be stricken from your motion under 28 U.S.C. § 2255.

## AUTHORIZATION

I have read the document entitled "Attorney-Client Privilege Waiver." I hereby authorize my former attorney, Timothy J. Rensch, to disclose confidential communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by my motion under 28 U.S.C. § 2255.

Dated this _____ day of _____, 20____.


_____
Elijah West, Petitioner